IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLAUDE AUGUSTIN,<br><br>          Plaintiff,<br><br>v.<br><br>SWISSPORT SA, LLC,<br><br>          Defendant. | Case No.: CV18-5750<br><br>**DEFENDANT'S ANSWER TO COMPLAINT** |

Defendant Swissport SA, LLC ("Swissport"), by its attorneys, Robinson & Cole LLP, for its Answer to Plaintiff's Complaint ("Complaint"), hereby states as follows:

## **PARTIES**

1. Defendant Swissport lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "I.A." of the Complaint.

2. The unspecified allegations in Paragraph "I.B." of the Complaint do not constitute actual allegations and need not be specifically admitted or denied by Defendant Swissport. To the extent the unspecified allegations in Paragraph "I.B." constitute allegations of fact, Defendant Swissport denies the allegations.

3. Defendant Swissport denies the allegations in Paragraph "I.C." of the Complaint, and admits that Plaintiff was employed with Swissport SA, LLC.

## **JURISDICTION**

4. The allegations in Paragraph "II" of the Complaint constitute a summary of Plaintiff's causes of action and need not be specifically admitted or denied by Defendant Swissport. To the extent the summary in Paragraph "II" constitutes allegations of fact, Defendant Swissport admits that Plaintiff purports to bring an action for discrimination in employment

pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e-17 and Executive Law, Article 15, Section 296, but denies that there is any factual or legal basis for the claims asserted.

## STATEMENT OF CLAIM

5. The allegations in Paragraph "III.A." of the Complaint constitute a summary of Plaintiff's causes of action and need not be specifically admitted or denied by Defendant Swissport. To the extent the summary in Paragraph "III.A." constitutes allegations of fact, Defendant Swissport admits that Plaintiff purports to bring an action for unequal terms and conditions of employment and retaliation, but denies that there is any factual or legal basis for the claims asserted.

6. Defendant Swissport denies the allegations in Paragraph "III.B" of the Complaint.

7. Defendant Swissport admits that it is not currently "committing these acts against [Plaintiff]" and denies that it ever was "committing these acts against [Plaintiff]."

8. Defendant Swissport denies the allegations in Paragraph "III.D" of the Complaint.

9. The unspecified allegations in Paragraph "III.E." of the Complaint do not constitute actual allegations and need not be specifically admitted or denied by Defendant Swissport. To the extent the unspecified allegations in Paragraph "III.E." is intended to incorporate pages 7 and 8 of the Complaint, Defendant Swissport denies the allegations.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Defendant Swissport lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "IV.A." of the Complaint.

11. Defendant Swissport lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "IV.B." of the Complaint.

12. Defendant Swissport lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "IV.C." of the Complaint.

## RELIEF

13. Defendant Swissport denies that Plaintiff is entitled to any of the relief claimed in Paragraph "V" of the Complaint.

## CERTIFICATION

14. Paragraph "VI.A." of the Complaint does not contain any allegations and need not be specifically admitted or denied by Defendant Swissport. To the extent the certification contained in Paragraph "VI.A." constitutes allegations of fact, Defendant Swissport denies the allegations.

## AFFIRMATIVE DEFENSES

In addition to the forgoing denials, Swissport alleges and asserts the following affirmative and other defenses. By pleading these defenses, Swissport does not assume the burden of proving any fact, issue of element of a cause of action where such burden properly belongs to Plaintiff. No assertion of any defenses is intended or may be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations:

## FIRST DEFENSE

The Complaint fails to state a claim against Swissport upon which relief may be granted.

## SECOND DEFENSE

All conduct by Swissport with respect to Plaintiff was non-discriminatory, based on sound business judgment, and was undertaken in good faith and in compliance with all applicable laws.

## THIRD DEFENSE

Upon information and belief, one or more of the claims may be barred, in whole or in part, by the applicable periods or statutes of limitations.

## FOURTH DEFENSE

If Swissport or its employees or agents engaged in any of the unlawful acts alleged in the Complaint, which Swissport denies, they did not engage in such acts intentionally, with malice and/or with reckless indifference to Plaintiff's protected rights.

## FIFTH DEFENSE

Upon information and belief, the claims may be barred, in whole or in part, because of Plaintiff's failure to mitigate his damages.

## SIXTH DEFENSE

Upon information and belief, the claims may be barred, in whole or in part, by the doctrines of equitable estoppel, judicial estoppel, laches, and/or unclean hands.

## SEVENTH DEFENSE

The Court lacks subject-matter jurisdiction over Plaintiff's claims to the extent he has not exhausted administrative remedies or failed to comply with other conditions precedent governing federal and state law to prosecute his claims thereunder.

## EIGHTH DEFENSE

The Plaintiff is barred from recovery, in whole or in part, because Swissport had procedures to promptly correct any discriminatory behavior and Plaintiff unreasonably failed to take advantage of such procedures or to avoid harm otherwise.

## NINTH DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's claims that are not reasonably

related to claim contained in Plaintiff's charge filed with the Equal Employment Opportunity Commission and/or the Division of Human Rights.

**TENTH DEFENSE**

Defendant Swissport alleges that all or part of the alleged conduct for which Plaintiff seeks damages was performed without actual or constructive knowledge of Swissport.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver and/or release. Following Plaintiff's verified complaint with the New York State Division of Human Rights, Plaintiff and Defendant Swissport negotiated and entered into a settlement of Plaintiff's claims of discrimination and retaliation. Pursuant to the settlement agreement, Plaintiff released and/or waived all then-pending claims against Defendant Swissport, and received consideration therefore. Accordingly, any and all claims Plaintiff purports to bring against Defendant Swissport, including, without limitation, the claims alleged herein, are barred in their entirety.

**ADDITIONAL DEFENSES**

Swissport reserves the right to amend, add to or otherwise modify its Answer as may become appropriate after a reasonable opportunity for discovery.

WHEREFORE, Defendant Swissport SA, LLC respectfully requests that the Court enter judgment in its favor and against Plaintiff, dismiss Plaintiff's Complaint with prejudice, and award such other relief as the Court may deem just and proper.

Dated: New York, New York
February 11, 2019

                              DEFENDANT,
                              SWISSPORT USA, INC.

                    By: */s/ J. Gregory Lahr*
                              J. Gregory Lahr
                              Trevor L. Bradley
                              Robinson & Cole LLP
                              666 Third Avenue, 20th Floor
                              New York, New York 10017
                              Phone: (212) 451-2900
                              E-mail: jlahr@rc.com
                              E-mail: tbradley@rc.com
                              Its Attorneys

**CERTIFICATION**

I hereby certify that on February 14, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

*/s/ J. Gregory Lahr*
J. Gregory Lahr